## Freeman Estate

*Wendell R. Good,* for accountant.

WAITE, P. J., October 22, 1951.—This matter is before the court at the request of the administratrix d. b. n. c. t. a., requesting an interpretation of paragraph 3 of the will of decedent:

"*Third*: I give, devise and bequeath to my beloved niece, *Harriett L. Peterson,* my silverware, the same to be hers absolutely.

"All the rest, residue and remainder of my estate, both real, personal, or mixed, of whatsoever nature and kind, and wheresoever situate at the time of my decease, I divide into five (5) equal parts and give, devise and bequeath the same as follows:

""(a) One part to my beloved sister, Florence Eighmy, of Painesville, Ohio, the same to be hers absolutely.

"(b) One part to my beloved sister, Hattie L. Blick, of Minneapolis, Minnesota, the same to be hers absolutely.

"(c) One part to my beloved brother, John Albert Peterson, of Erie, Pennsylvania, the same to be his absolutely.

"(d) One part to the Chestnut Street Presbyterian Church, the same to be its absolutely."

Under the will of decedent, the residuary estate was divided into "five" equal parts, however, testatrix named only four beneficiaries, as listed above.

In the interpretation of a will, the court reads the entire will and considers and interprets the same from the four corners thereof. As we read the intention of testatrix here, it was her desire that the living brothers and sisters should first benefit and thereafter the church mentioned in subparagraph (d) of the third paragraph of the will. A careful reading of the will clearly shows that testatrix has provided for all her other heirs as possible objects of her bounty. For instance, paragraph 4 mentions a sister, Florence Eighmy, and her two children, Walter Eighmy and Clifford Eighmy; and paragraph 5 of the will recites a daughter of one of the beneficiaries, Marianne Blick, and again in paragraph 6 there is mentioned Harriet L. Peterson, a daughter of John Albert Peterson, one of the beneficiaries. All of the above parties, including those in paragraph 3 of the will are the only possible interested parties in the estate. We must conclude and find that when the testatrix directed that her estate should be divided into "five" equal parts, and thereafter naming the beneficiaries thereof, it was her intention that her estate be divided into four equal parts and be distributed to the four named beneficiaries in paragraph 3 of the will, and that she inadvertently used the number "five" when the intention of testatrix was four. It is a primary rule of construction that a will should be so construed as to avoid intestacy if that be possible. Apparently testatrix inadvertently used the number "five" instead of four in disposing of her residuary estate. We therefore conclude that the residue of the estate should be divided into four equal

parts and equally distributed to the four residuary legatees, and direct that distribution be made in accordance herewith.